MEMORANDUM **
United Parcel Service, Inc. challenges the jury’s verdict awarding Michael Mario $15.9 million (later reduced to $6.6 million) in punitive damages arising out of his wrongful termination. Reviewing de novo, White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir.2002), we affirm.
UPS argues that the evidence was insufficient to support the jury’s determination that Vice President and District Manager Tim Robinson was a “managing agent” under California law. Viewing the evidence in the light most favorable to Mario, as we must, Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir.2002), we conclude that the evidence was sufficient to support the jury’s verdict. Under California Civil Code § 3294(b), Robinson qualified as a “managing agent” if he “exercise[d] substantial independent authority and judgment in [his] corporate decisionmaking so that [his] decisions ultimately determinefd] corporate policy.” White v. Ultramar, Inc., 21 Cal.4th 563, 566-67, 88 Cal.Rptr.2d 19, 981 P.2d 944 (1999). Here, the evidence showed that Robinson was the highest-ranking supervisor in a 7,000-employee district that covered a vast geographic area from downtown Los Angeles to the inland deserts to California’s Central Coast, and his responsibilities included, in his own terms, “managing a complex business,” which required him “to talk about running the business every day.” Robinson managed supervisors and employees in charge of the various departments in his territory, including operations, sales, marketing, engineering, automotive, finance and accounting, human resources, and labor relations.
Further, Robinson viewed part of his role as maintaining a company “culture”— in essence, a company policy — of supervisors acting as “owners” subject to a salary, rather than the overtime pay sought by Mario. Mario’s lawsuit, which initially sought $400 million in class-wide damages, threatened to upend that culture. *552 Robinson discussed the potential impact of Mario’s lawsuit with his senior staff and expressed his displeasure that other supervisors were filing similar lawsuits. He viewed the lawsuit as a “distraction” that had a negative effect on employee morale. The jury could thus reasonably conclude that Robinson’s decision to terminate Mario was a policymaking decision aimed at protecting the company “culture.” See Ultramar, 21 Cal.4th at 577, 88 Cal.Rptr.2d 19, 981 P.2d 944 (holding that a single act of retaliatory termination demonstrated that a middle manager “determined corporate policy”); Davis v. Kiewit Pac. Co., 220 Cal.App.4th 358, 373, 162 Cal.Rptr.3d 805 (2013) (reversing a grant of summary judgment because a jury could infer that by failing to protect a single worker who complained of harassment, an employee “exercised authority that resulted in the ad hoc formulation of corporate policy” sufficient to qualify him as a managing agent).
We also conclude that Robinson’s conduct was sufficiently reprehensible to qualify for punitive damages under California law. See Cal. Civ.Code § 3294(a). The award, as reduced by the district court, was not unconstitutionally excessive. See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1044 (9th Cir.2003).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.